IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

MICHAEL J. TUCKER,

      Petitioner,

v.                                  Case No. 5:20-cv-00297

D.L. YOUNG, Warden,

      Respondent.


## PROPOSED FINDINGS AND RECOMMENDATIONS

      Pending before the Court are the *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner, Michael J. Tucker, and Respondent D.L. Young's Response to the Petition in which Respondent seeks dismissal of the proceedings. (ECF Nos. 1, 6). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the District Court **NOTIFY** Tucker that his petition will be recharacterized as a motion under 28 U.S.C. § 2255; **PROVIDE** Tucker with his options under *Castro v. United States*, 540 U.S. 375, 383 (2003); assuming Tucker opts not to dismiss the petition, **RECHARACTERIZE** and **TRANSFER** Tucker's Petition to the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. § 1631; and **DISMISS** this action from the docket of the Court.

## I.     Factual and Procedural History

## A.     Proceedings in the Sentencing Court

On January 7, 2016, a federal grand jury sitting in the Western District of Virginia ("Sentencing Court") returned a six-count indictment, charging Tucker with drug offenses as well as firearm violations. *United States v. Tucker*, Case No. 7:16-cr-00002-GEC (W.D. Va. 2016 Nov. 29, 2016) at ECF No. 1.  Pursuant to a written plea agreement, on August 25, 2020, Tucker pleaded guilty to Count One of the indictment, conspiring to possess and distribute cocaine and cocaine base in violation of 21 U.S.C. § § 846, 841(b)(1)(C); and Count Six, possession of firearms after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1). *Id.,* at ECF Nos. 29, 31.  Following a hearing, on November 28, 2016, Tucker was sentenced to 133 months incarceration and three years of supervised release, and ordered to pay a fine and special assessment. *Id.,* at ECF No. 36. The remaining counts on the indictment were dismissed. *Id.,* at ECF No. 44 at 41. Tucker did not appeal his conviction.

## B.     Proceedings in this Court

On April 27, 2020, while incarcerated at the Federal Correctional Institution in Beckley, West Virginia ("FCI Beckley"), Tucker filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, concurrently with a memorandum of law in support of the petition. (ECF Nos. 1, 2) He challenges the legality of his conviction under 18 U.S.C. § 922(g), and asserts that the ordinary mechanism for invalidating an illegal sentence —a motion under 28 U.S.C. § 2255—is inadequate or ineffective in his case. (ECF No. 2 at 1–2). According to Tucker, his guilty plea in the Western District of Virginia is "constitutionally infirm and his conviction should be vacated and the matter remanded" in light of the Supreme Court's June 21, 2019 decision in *Rehaif v. United States*, 139 S.Ct.

914 (2019). (*Id.* at 2). He asserts that "the government did not prove and the district court did not find that" he knew he belonged to "the relevant category of persons barred from possessing a firearm." (*Id.* at 3). Because he never admitted and the government did not prove an element of the crime, Tucker reasons that he is actually innocent of the offense for which he is now incarcerated. (*Id.*). He concludes by citing to Justice Alito's dissent in *Rehaif*, in which the Justice contemplates the consequences of the Court's ruling and anticipates that many who have been convicted under § 922(g) would seek relief under a theory of actual innocence. (*Id.* at 4).

On May 1, 2020, the undersigned ordered Respondent to answer Tucker's petition and show cause as to why relief should not be granted. (ECF No. 5). On June 24, 2020, Respondent filed his response.[1] (ECF No. 6). Therein, Respondent sets forth a procedural history similar to Tucker's, although he incorrectly states that Tucker was convicted and sentenced in 2019 rather than in 2016. (*Id.* at 1–2). Respondent contends that Tucker's claim is not properly the subject of a § 2241 petition and should be dismissed or construed as a motion under § 2255 and transferred to the Sentencing Court. (*Id.* at 3). Respondent maintains that Tucker is challenging the imposition of his federal sentence rather than its execution, and that therefore he must raise his claim in a § 2255 motion rather than a § 2241 petition. (*Id.* at 3–4). He argues that the law of the Fourth Circuit Court of Appeals ("Fourth Circuit") prevents challenges to the imposition of a federal sentence in a § 2241 petition unless the petitioner's remedy under § 2255 is "inadequate or ineffective" pursuant to the tripartite test set forth in *In re Jones*, 226 F.3d 328 (4th Cir. 2000). (*Id.*

---

[1] Tucker correctly named D.L. Young, the warden of FCI Beckley, as the Respondent in this matter, counsel for Respondent incorrectly captioned the case, substituting "United States" as the Respondent and repeating this mistake throughout his brief. (ECF No. 6). The undersigned presumes that this discrepancy was an oversight on the part of the United States Attorney's office and will analyze Respondent's arguments as if the correct respondent were named.

at 3–4). Respondent concludes that Tucker's claim does not satisfy the *Jones* test and cannot be brought as a § 2241 petition, although he does not explain why this is so, stating only that Tucker "has not shown that his remedies under 28 U.S.C. § 2255 were ineffective or unavailable." (*Id.* at 4). Respondent further argues that the Supreme Court's decision in *Rehaif* provides Tucker no avenue for relief from his sentence because *Rehaif* did not decriminalize the conduct for which Tucker was convicted. (*Id.* at 5).

On July 6, 2020, Tucker filed an affidavit in this Court, attesting that Respondent had failed to respond to the Court's show-cause order, ECF No. 5. (ECF No. 7). He also cited to other cases in support of his earlier contention that his guilty plea was invalid and that his conviction should be vacated and remanded. (*Id.* at 1–2). On July 7, 2020, the undersigned issued an order informing Tucker that Respondent had in fact answered his petition and allowed him 60 days to reply. (ECF No. 8). On July 15, 2020, Tucker filed another affidavit, this time informing the Court that he had not been served with Respondent's answer and requesting copies. (ECF No. 9). On July 15, 2020, the Clerk of the Court sent a letter to Tucker, including copies of the documents. (ECF No. 10). On July 27, 2020, Tucker filed a brief in reply. (ECF No. 11). Tucker explains that his access to legal resources is limited to what is in his cell due to lockdown procedures at the prison in response to the COVID-19 pandemic. (*Id.* at 1). He asserts that he received a letter from the office of the Federal Public Defender in Charlottesville, Virginia on June 25, 2020, stating that he had until June 19, 2020 to raise a claim for relief from his conviction under *Rehaif*. (*Id.* at 3). Because he received the letter after the deadline given in the letter, it was impossible to pursue his claim under *Rehaif*. (*Id.*). He asserts that the savings clause of § 2255 allows him to assert his claim here under a § 2241 petition, and that his conviction based on his guilty plea contained a constitutional error because he was not

4

informed of every element of the offense. (*Id.* at 4–5). He again asks the Court to vacate his plea and remand his case to the Sentencing Court. (*Id.* at 5–6).

## II.    <u>Standard of Review</u>

Respondent requests that Tucker's § 2241 petition be dismissed or, in the alternative, construed as a § 2255 motion and transferred to the Sentencing Court. (ECF No. 6 at 1). Respondent does not articulate under which rule's authority he seeks dismissal, but, presumably, this request is made pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). Because Respondent filed a Response concurrently with his request to dismiss, the motion technically should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, the distinction makes no practical difference as the same standard of review will apply, and motions under both 12(b) and 12(c) may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In

addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.* The Court "may also consider documents attached to the complaint … as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### III.  <u>Discussion</u>

Tucker argues that his conviction under § 922(g) is invalid in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019)*,* a recent Supreme Court decision. (ECF No. 2 at 3). In *Rehaif,* the Supreme Court considered whether, under 18 U.S.C. § 922(g), the government must prove that an individual knew both that he engaged in the prohibited conduct of possessing a firearm, and that he had obtained the relevant status which made his possession of the firearm illegal. *Id., 139* S. Ct. 2191. The Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. In so holding, the *Rehaif* Court rejected the argument presented by the United States that the defendant's immigration status was a question of law, not fact, and thus subject "to the well-known maxim that 'ignorance of the law' (or a 'mistake of law') is no excuse." *Id.* at 2198 (quoting *Cheek v. United States*, 498 U.S. 192, 199 (1991)).

Tucker is clearly challenging the legality, rather than the execution, of his conviction. Accordingly, Tucker's action is properly brought under 28 U.S.C. § 2255, which is the exclusive remedy for challenging the validity of a federal conviction and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a

6

general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.

However, § 2255(e) provides a narrow "savings clause" exception, which serves as a means by which a petitioner may challenge a conviction or sentence through a traditional writ of habeas corpus pursuant to § 2241. It states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). As indicated, the savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *Vial*, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F.Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the petitioner's claim must contain all three of the following elements: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 328, 333-34 (4th Cir. 2000). The Fourth Circuit held in *Wheeler* that the savings clause requirements are jurisdictional rather than procedural; thus, if they are not met, the court does not have jurisdiction to entertain the § 2241 petition. *United States v. Wheeler*, 886 F.3d 415, 426 (4th Cir. 2018).

The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. *See Hood v. United States*, 13 Fed. Appx. 72 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 Fed. Appx. 268 (4th Cir. 2014). According to a search on Public Access to Court Electronic Records (PACER), Tucker has never before filed a § 2255 motion. He therefore does not meet the second prong of the *Jones* test, as the change in law giving rise to his claim did not occur subsequent to his first § 2255 motion. Clearly, the savings clause has no application here.

Tucker reasons that his remedy under § 2255 is inadequate to address his claim because he only recently learned about the Supreme Court's decision in *Rehaif* and because the timing of the letter he received from the Federal Public Defender forecloses his opportunity to have his claim heard. (ECF No. 11 at 3). As previously indicated, § 2255 is not inadequate as a remedy "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *Vial*, 115 F.3d at 1194 n.5. Accordingly, the fact that Tucker may have missed the deadline to file his claim under § 2255 would not render that mechanism ineffective. *See Conklin v. Craig*, No. CIV.A. 5:07-CV-00373, 2007 WL 4561162, at *3 (S.D.W. Va. Dec. 20, 2007) (claim that § 2255 was an inadequate remedy "based solely upon the fact that such a motion would now be untimely" did not allow the petitioner to utilize the savings clause); *see also Raymer v. United States*, No. 5:16-CR-48-KDB-DSC-2, 2020 WL 1660099, at *2 (W.D.N.C. Apr. 3, 2020) (same). However, Tucker's claim of inadequacy based on the expiration of the statute of limitations fails for an obvious reason: his claim, when properly construed as a motion pursuant to § 2255, was asserted within the one-year statute of limitations. Claims under 28 U.S.C. § 2255 are

8

governed by the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") which imposes a one-year statute of limitations. Under the AEDPA, a § 2255 motion must be filed within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) **_the date on which the right asserted was initially recognized by the Supreme Court_**, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphasis added). In this case, Tucker's judgment of conviction was entered in 2016. (ECF No. 6-3 at 1). However, the relevant starting point for the AEDPA statute of limitations arguably is June 21, 2019, the day the Supreme Court announced its decision in *Rehaif v. United States*, 139 S. Ct. 914 (2019), because Tucker asserts that the Supreme Court recognized a significant change in the interpretation of § 922(g), which affects the validity of his conviction. Using this rationale, Tucker's claim was filed in this Court on April 27, 2020, well within the statute of limitations for a claim under § 2255. (ECF No. 1).

Tucker offers no explanation besides the expiration of the statute of limitations to support his claim that § 2255's remedy is inadequate and ineffective. Accordingly, Tucker may not utilize the savings clause to attack his conviction and sentence via a § 2241 petition as § 2255 is not inadequate or ineffective to test the legality of Tucker's imprisonment. Therefore, the undersigned **FINDS** that Tucker's claim does not meet the

requirements of the savings clause and thus may not be raised in a § 2241 petition.

### B. Transfer or dismissal of the petition

Inasmuch as Tucker's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If this Court chooses to dismiss Tucker's action, then he will be required to pursue his claim in the Sentencing Court. Unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated at the time that he files his petition*, see United States v. Poole,* 531 F.3d 263, 264 (4th Cir. 2008), § 2255 directs the movant to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Respondent provides no argument regarding this issue, and simply makes the conclusory statement that the petition should be dismissed or transferred. (ECF No. 6 at 4). Because dismissal of Tucker's claim and requiring him to resubmit it in the Sentencing Court would likely result in the claim becoming time-barred, the undersigned **FINDS** that it is in the interest of justice to transfer Tucker's claim to the Sentencing Court where his claim may be heard on the merits. 28 U.S.C. § 1631.

However, because Tucker is a *pro se* litigant, if this Court elects to adopt the recommendations contained herein and construe Tucker's claim as a motion under § 2255, it must first notify Tucker that "it intends to recharacterize the pleading, warn [Tucker] that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide [Tucker] an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383 (2003); *see also United States v. Wilkes*, 796 F. App'x 183, 184 (4th Cir. 2020) (advising the district court on

remand to provide warnings pursuant to *Castro*). Under § 2255(h), "second or successive" motions under § 2255 require certification by the appropriate Court of Appeals pursuant to § 2244, thus presenting an additional procedural hurdle and severely limiting the ability of the movant to mount successive challenges to his or her conviction and sentence. If Tucker does not wish to pursue his claim in the Sentencing Court under § 2255, he may amend or withdraw his pleadings to so reflect his preference.

## IV.    **Proposal and Recommendations**

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **NOTIFY** Tucker that his petition will be recharacterized as a motion under 28 U.S.C. § 2255; **PROVIDE** Tucker with his options under *Castro v. United States*, 540 U.S. 375, 383 (2003); assuming Tucker opts not to dismiss the petition, **RECHARACTERIZE** and **TRANSFER** Tucker's Petition to the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. § 1631; and **DISMISS** this action from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge

for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and counsel of record.

**FILED:**  December 4, 2020

Cheryl A. Eifert
United States Magistrate Judge